FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 25, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RICHARD ROY BLAKE,

    Plaintiff - Appellant,

v.

LILIANE HONG; D. BURTON; THE
CITY OF NORTHGLENN COLORADO,
a municipality,

    Defendants - Appellees.

No. 22-1110
(D.C. No. 1:21-CV-00138-RMR-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Richard Roy Blake appeals the dismissal of his claims brought under

42 U.S.C. § 1983 and arising from a municipal court misdemeanor conviction in

Northglenn, Colorado.  The district court dismissed two of his claims for lack of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

subject matter jurisdiction under the *Rooker-Feldman* doctrine[1] and dismissed his remaining three claims for failure to state a claim. We hold that the *Rooker-Feldman* doctrine does not apply, but we affirm the dismissal of all the claims because Mr. Blake failed to plausibly allege any claim on which relief can be granted.

## I.  BACKGROUND

Mr. Blake was protesting on a sidewalk outside a mosque in Northglenn, Colorado. He held a sign that said "Equal Rights for Christians in Islamic Nations" on one side and "Islam Kills" on the other side. Northglenn Police Officers Liliane Hong and Darren Burton cited him for violating Northglenn Municipal Code § 9-11-16.5, which prohibits the obstruction of streets and sidewalks. Mr. Blake moved to dismiss in Northglenn Municipal Court, arguing that (1) the ordinance is unconstitutionally vague and overbroad, and (2) the citation violated his First Amendment rights and was issued in retaliation for the exercise of his free speech rights. The municipal court denied the motion. On October 30, 2020, a three-person jury convicted Mr. Blake.

Mr. Blake appealed to the Adams County District Court, which affirmed his conviction on June 23, 2021. The court rejected Mr. Blake's vagueness and overbreadth arguments but declined to address his other arguments. On November 8,

---

[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

2021, the Colorado Supreme Court denied his petition for certiorari. On March 28, 2022, the United States Supreme Court denied his petition for certiorari.

On January 15, 2021, when his appeal to the Adams County District Court was pending, Mr. Blake filed the underlying federal lawsuit against Officers Hong and Burton and the City of Northglenn. He claimed (1) § 9-11-16.5 is void for vagueness in violation of the Fourteenth Amendment, (2) it is overbroad in violation of the First Amendment, (3) the police officers violated his First Amendment free speech rights in issuing the citation, and (4) they issued the citation in retaliation for Mr. Blake's speech.

The district court granted the Defendants' motion to dismiss. It held the *Rooker-Feldman* doctrine barred Mr. Blake's vagueness and overbreadth claims because the state court had rejected them. But because the state court declined to address Mr. Blake's remaining claims, the district court said *Rooker-Feldman* did not apply to them. It dismissed those claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Mr. Blake then brought this pro se appeal.[2]

## II. **DISCUSSION**

### A. *Subject Matter Jurisdiction*

We first consider whether the district court had subject matter jurisdiction. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000)

---

[2] We liberally construe Mr. Blake's pro se filings, but we do not assume the role of his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate.").

Defendants argue the *Rooker-Feldman* doctrine precludes jurisdiction over all of Mr. Blake's claims. That doctrine "prevents a party losing in state court . . . from seeking what in substance would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (quotations and brackets omitted).

The *Rooker-Feldman* doctrine, however, "applies only to suits filed after state proceedings are final." *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006). In *Guttman*, the plaintiff filed his federal lawsuit while his petition for certiorari to the New Mexico Supreme Court was still pending. *Id.* We deemed the plaintiff's state lawsuit not final and held that *Rooker-Feldman* thus did not bar his federal lawsuit. *Id.* Here, Mr. Blake filed his federal lawsuit in January 2021, five months before the Adams County District Court ruled on his appeal and nearly 11 months before the Colorado Supreme Court denied his petition for certiorari. Under *Guttman*, *Rooker-Feldman* thus did not bar the district court's exercise of jurisdiction over Mr. Blake's federal lawsuit. *See also D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1232 (10th Cir. 2013).

## B. *Failure to State a Claim*

Although the district court should not have declined to address the merits of Mr. Blake's overbreadth and vagueness claims based on the *Rooker-Feldman*

4

doctrine, "we may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). We typically will do so when "the parties have fully briefed and argued the alternate ground." *See United States v. Chavez*, 976 F.3d 1178, 1203 n.17 (10th Cir. 2020) (quotations omitted). In their motion to dismiss, Defendants fully briefed their arguments that the overbreadth and vagueness claims should be dismissed on their merits. Mr. Blake had a fair opportunity to respond. We therefore will address those arguments and will review the district court's merits dismissal of the other claims.[3]

We review a dismissal under Rule 12(b)(6) de novo. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). We accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Id.* In making that assessment, we must determine whether Mr. Blake's complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

## 1. Void for Vagueness

Mr. Blake failed to allege a void-for-vagueness claim. An ordinance is void for vagueness if it (1) "fails to provide people of ordinary intelligence a reasonable

---

[3] Although we affirm based on failure to state any claim, Mr. Blake's action also may run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994), because his § 1983 case implicates the validity of his criminal conviction. Because the Defendants moved to dismiss based on failure to state a claim and did not present a *Heck* argument, we affirm on the former ground.

opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

The ordinance here provides:

> It is unlawful for any person to willfully, maliciously or recklessly place in any doorway or driveway not owned by him or under his lawful control or on any sidewalk, public highway, street or alley in the City any object which causes or tends to cause the obstruction thereof or of any part thereof.

Northglenn Mun. Code § 9-11-16.5.

Mr. Blake has not alleged or argued that the ordinance authorizes or encourages arbitrary enforcement, and we find that people of ordinary intelligence would understand what it means.

## 2. Overbreadth

To survive a motion to dismiss on his overbreadth claim, Mr. Blake must plausibly allege *substantial* overbreadth. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1199 (10th Cir. 2005). This requires him to allege that Northglenn's ordinance "actually sweeps within its prohibitions such a substantial amount of protected free speech in relation to its plainly legitimate sweep that the [ordinance] itself must be invalid on its face." *Id.* at 1200 (quotations omitted). Overbreadth is "strong medicine," and courts "employ[] it with hesitation, and then, only as a last resort." *Id.* at 1199 (quotations omitted).

The ordinance does not regulate speech.  Rather, it prohibits physical obstruction of public rights-of-way, including sidewalks, a "plainly legitimate sweep."  *Id.*  Mr. Blake has not alleged the ordinance prohibits a substantial amount of protected free speech.  "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge."  *Members of the City Council of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).  He has failed to allege an overbreadth claim.

3.  **First Amendment**

Mr. Blake failed to allege a plausible claim that the citation violated his First Amendments rights.  He contends that he was convicted for obstructing the sidewalk with his body, not for carrying a sign.  The ordinance prohibits the obstruction of the sidewalk regardless of the type of object used.  *See McCullen v. Coakley*, 573 U.S 464, 481 (2014) ("Obstructed access and congested sidewalks are problems no matter what caused them.").  Mr. Blake's operative complaint appended a police report observing that he caused other pedestrians to step into the road to get around him.[4]  As the district court held, under the ordinance individuals "retain[] the ability to exercise their First Amendment rights, they simply must exercise those rights without

---

[4] *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, we may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference.").

blocking sidewalks, doorways, or driveways." R. at 220. We affirm the district court's dismissal of this claim.

### 4. First Amendment Retaliation

To state a claim of retaliation for the exercise of First Amendment rights, Mr. Blake must plausibly allege the citation was issued without probable cause. *See Fenn v. City of Truth or Consequences*, 983 F.3d 1143, 1149 (10th Cir. 2020); *Williams v. City of Carl Junction*, 480 F.3d 871, 876-77 (8th Cir. 2007) (in First Amendment retaliation case, applying probable cause requirement to the issuance of citations). As the district court found, Mr. Blake failed to do so. Because a jury convicted Mr. Blake, he cannot plausibly allege there was no probable cause to issue the citation. *See Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986) ("[W]here law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause.").

### 5. Municipal Liability

There can be no municipal liability in the absence of an underlying constitutional violation. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). Because Mr. Blake did not adequately plead an underlying constitutional violation, the municipal liability claim necessarily fails.

## III. **CONCLUSION**

We affirm the district court's dismissal of Mr. Blake's claims.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge